1  BARRY J. PORTMAN
   Federal Public Defender
2  JOYCE LEAVITT
   Assistant Federal Public Defender
3  1301 Clay Street, Room 200C
   Oakland, CA 94612-5204
4  Telephone: (510) 637-3500

5  Counsel for Defendant VARVEL

6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,              )
11                                     )   No. CR 07-00776 CW
                    Plaintiff,         )
12                                     )   DEFENDANT'S SENTENCING
          v.                           )   MEMORANDUM
13                                     )
   RUDY VARVEL,                        )   Date: August 6, 2008
14                                     )   Time: 2:00 p.m.
                    Defendant.         )
15                                     )
                                       )
16   ─────────────────────────────────)

                       **INTRODUCTION**

17
         On May 14, 2008, defendant Rudy Varvel pled guilty to a seven count information charging
18
   him with five counts of bank robbery and two counts of attempted bank robbery, all in violation of
19
   18 USC §2113(a). Mr. Varvel will be sentenced by this Court on August 6, 2008. A pre-sentence
20
   report ("PSR") was prepared by United States Probation Officer S. Sara Black who calculates the
21
   advisory guideline range to be 78 - 97 months based upon adjusted offense level 26 and criminal
22
   history category III. PSR ¶118. She recommends a sentence of 78 months in custody. PSR,
23
   Sentencing Recommendation. This is consistent with the plea agreement which was entered into in
24
   accordance with Fed. R. Crim. P. 11(c)(1)(C) and Mr. Varval asks the Court to sentence him to 78
25
   months custody, 3 years of supervised release, a $700 special assessment and $20,951 in restitution.
26

*U.S. v. Rudy Varvel*, CR 07-00776 CW;       - 1 -
Sentencing Memo

1    Such a sentence is "sufficient, but not greater than necessary" to address the sentencing factors

2    enumerated in 18 U.S.C. §3553.  Mr. Varvel submits this sentencing memorandum in support of his

3    request.

**DISCUSSION**

**A Sentence of 78 Months is Sufficient, But Not Greater Than Necessary, to Satisfy the Goals of Sentencing**

The Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and *Gall v. United States*, 128 S.Ct. 586 (2007), have dramatically altered the district court's role in sentencing.  Taken together, these cases make it clear that district court judges now have the ability, as well as the duty, to exercise their judgment and discretion in arriving at a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)."   Section 3553(a)(2) states that such purposes are:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  Moreover, some of the factors which the district courts must consider include the nature and circumstances of the offense and the history and characteristics of the defendant," the guidelines and other factors. 18 U.S.C. §3553(a)(1) - (7); *see also*, *e.g., United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (describing the "overarching statutory charge for a district court").

The Guidelines, "formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough*, 128 S.Ct. at 564.  While "district courts still 'must consult [the] Guidelines and take them into account when sentencing,'" *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting *Booker*, 543 U.S. at 264), the district

*U.S. v. Rudy Varvel*, CR 07-00776 CW;           -  2  -
Sentencing Memo

1  courts "may not presume that the Guidelines range is reasonable," *Gall*, 128 S.Ct. at 596-97 (citing

2  *Rita v. United States*, 127 S.Ct. 2456 (2007)).  And, as the Court's subsequent decisions in *Gall* and

3  *Kimbrough* demonstrate, *Booker*'s consultation requirement is not intended to limit the district

4  court's sentencing discretion.

5         In this case, the parties are asking for a sentence of 78 months, which is within the guideline

6  range.  It is a sentence which is sufficient to meet the purposes of sentencing and is consistent with

7  the factors which the Court should consider under 18 U.S.C. §3553(a).

8         For example, the nature and circumstances of the offense is a factor which warrants a

9  sentence of 78 months.  Although the charges to which Rudy has pled guilty are very serious, he also

10  has agreed to plead guilty in a pending Sacramento case and agree to admit a prior strike.  Should he

11  commit a crime in the future, the consequences would be very severe.  In addition, prior to the

12  offense Rudy was working five or six 10-hour shifts a weekend and attending classes to provide for

13  his family.  PSR, ¶22.  In order to maintain his energy levels he started using methamphetamine and

14  sneaking around.  *Id.*  His wife then thought he was cheating and filed for divorce.  *Id.*  Things got

15  worse and Rudy soon found himself homeless, in need of money and addicted to drugs.  *Id.*  Under

16  all of these circumstances, a sentence of 78 months is appropriate.

17         In addition, the history and characteristics of Rudy Varvel also warrant a sentence of 78

18  months.  Rudy is the father of two boys with whom he is close.  *Id.* at ¶107.  Rudy is truly remorseful

19  and says when describing his children who come to visit him regularly "I see so much pain in their

20  faces."  *Id.* at ¶22.  While he has been in custody, Rudy has taken drug treatment classes and anger

21  management classes and is working to make sure that when he is released he will have the tools he

22  needs to stay clean and sober and get the help he needs.  *Id.* at ¶110, 111.  At the time of the offenses,

23  Rudy felt isolated and depressed.  *Id.* at ¶110.  He is asking for both substance abuse treatment and

24  mental health counseling to ensure that he gets the assistance he needs moving forward.  In addition,

25  Rudy is interested in advancing his formal studies or learning new skills while in custody as well.

26  This information all supports the requested sentence of 78 months in custody.

*U.S. v. Rudy Varvel*, CR 07-00776 CW;        -  3  -
Sentencing Memo

1    Finally, a sentence of 78 months meets the purposes of promoting respect for the law,

2    providing just punishment for the offense and affording adequate deterrence to criminal conduct.  It

3    also allows enough time for Mr. Varvel to received any needed educational or vocational training.

4    Furthermore, the Court should consider the need to provide restitution to any victims of the offense.

5    In this case, Mr. Varvel has agreed to pay restitution in the amount of $20,951.  A sentence at the

6    low end of the guidelines will allow Mr. Varvel to get out of custody as soon as possible so that he

7    can continue to work towards paying off the restitution.

8                                        **CONCLUSION**

9         For all of the reasons described above, Rudy Varvel respectfully asks the Court to sentence

10   him to a term of 78 months in custody, 3 years supervised release, $700 special assessment and

11   restitution in the amount of $20,951.

12

13   Dated: July 30, 2008

14

15                                        Respectfully submitted,

16                                        BARRY J. PORTMAN
                                          Federal Public Defender

17                                        /S/

18                                        JOYCE LEAVITT
19                                        Assistant Federal Public Defender

20

21

22

23

24

25

26

*U.S. v. Rudy Varvel*, CR 07-00776 CW;         –  4  –
Sentencing Memo